# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH SCHMIDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-00691-JCH |
| | ) | |
| BIG LOTS STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Elizabeth Schmidt's Motion to Remand, (Remand Motion, ECF No. 7), and Defendant Big Lots Stores's ("Big Lots") Motion for Leave to Conduct Jurisdictional Discovery. (Discovery Motion, ECF No. 10).

Schmidt initiated this action by filing a Petition in the Circuit Court for St. Louis County, Missouri. (Petition, ECF No. 2). The Petition alleges that Schmidt suffered injuries in a Big Lots store as a result of Big Lots's negligence and seeks damages "in excess of Twenty-Five Thousand Dollars ($25,000.00)," in accordance with state court practice. (Petition ¶ 11). Big Lots subsequently removed the action to this Court. (Removal Notice, ECF No. 1). Schmidt seeks to have the action remanded for lack of diversity jurisdiction under 28 U.S.C. § 1332. (Remand Motion at 1).

The only dispute between the parties is whether the amount-in-controversy requirement of $75,000 is satisfied, a determination made difficult by the inability of Missouri plaintiffs to plead a specific damages amount in tort cases. Missouri Rules of Civil Procedure 55.05. To supplement the briefing related to Schmidt's motion, Big Lots filed a request for jurisdictional discovery. Attached to that motion is a request for admissions, one paragraph of which asks

Schmidt to "admit that [her] damages do not exceed $75,000." (Request for Admissions, ECF No. 10-1, ¶ 3). Rather than object to Big Lots's motion, Schmidt filed a response admitting that her damages do not exceed $75,000. (Schmidt Admissions, ECF No. 12, ¶ 3).

Post-removal stipulations have often been used in this circuit as a basis for remand when they clarify the amount that was in controversy at the time of removal and are binding on the parties. *Ingram v. Procter & Gamble Paper Prods. Co.*, 2011 WL 1564060, at *2 (E.D. Mo. Apr. 25, 2011) (citing *Berry v. Renaissance Hotel Mgmt., LLC*, 2011 WL 1379860, at * 2 (E.D. Mo. Apr. 12, 2011); *Dyrda v. Wal-Mart Stores, Inc.*, 41 F. Supp. 2d 943, 949 (D. Minn. 1999); *Halsne v. Liberty Mut. Grp.*, 40 F. Supp. 2d 1087, 1090 (N.D. Iowa 1999)). The Eighth Circuit has also looked to information derived from jurisdictional discovery in determining the amount in controversy. *Larkin v. Brown*, 41 F.3d 387, 389 (8th Cir. 1994) (accepting as evidence an interrogatory response stating that the amount in controversy equaled but did not exceed $50,000).

Schmidt's admissions are binding. Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended"); Mo. R. Civ. P. 56.01(b) (same). They also clarify the non-specific damages request in her Petition. The Court therefore accepts, based on those admissions, that the amount in controversy here is less than $75,000.


Accordingly,

**IT IS HEREBY ORDERED** that Defendant Big Lots Stores's Motion for Leave to Conduct Jurisdictional Discovery, (ECF No. 10), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Elizabeth Schmidt's Motion to Remand, (ECF No. 7), is **GRANTED**, and this matter will be remanded to the Circuit Court for St. Louis County, Missouri. A separate Order of Remand will accompany this Memorandum and Order.

Dated this 7th day of July, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE